Judge Rowan
delivered the opinion of the court.
Olds executed to David Williamson, his four several notes for $25 each, as the price of tickets in a lottery created by Williamson for the distribution of property, which said notes were afterwards assigned by endorsements thereon to Levin L. Shreves. Olds (having by promises of payment, obtained forbearance for a considerable time from the said Shreves) executed his note of $100 to Thomas Shreves & son, to whom the said Levin L. Shreves was indebted in a larger sum, who, upon the receipt thereof, credited the said Levin for that amount. They afterwards brought suit upon the aforesaid $100 note, executed and delivered to them as aforesaid, by the said Olds, and obtained judgment against him for the amount thereof. To injoin which judgment, Olds filed his bill, making the said Shreveses defendants thereto, who having answered, the court decreed a perpetual injunction of the said judgment. From which decree the defendants appealed to this court.
The assignment of error, questions the correctness of the decree. Whatever illegality there may have been in the lottery, or fraud in the management and drawing thereof, and however availing the illegality and fraud may have been *142 when urged by Olds in vacation of the notes of which the tickets were the consideration; yet it was competent for him to waive the illegality and fraud, and affirm them. This we think he has done in a very effectual manner: For it is not pretended that Levin Shreves did not pay a fair and full consideration for them; his claim to this amount was honest, and could have been enforced against the assignor, upon his failure to receive it in the exercise of vigilant pursuit, from the obligor: But the obligor, with a full consciousness of his legal exemption from the payment, promises the assignee payment, and by repeated promises of payment, obtains repeated forbearance, and at length takes up the four notes and executes to the creditors of the assignee his note for their aggregate amount, whereby the assignee obtains a credit with them for that amount. This, we think, is a strong practical waiver by Olds, of whatever of fraud and illegality there may have been in the original transaction. As man cannot, to get clear of his own difficulties, embarrass, still less can be practice a fraud upon others, who are aliens to his transactions—had he executed the $100 note to Levin Shreves, with the knowledge, and under the circumstances of this case, he ought to be, and would have been bound thereby, still more ought he to be bound by his note to the creditors of the said Levin. But it is said that Levin Shreves and Thomas & son, had notice that the four notes in substitution of which this $100 note was given, were executed for lottery tickets. The knowledge of Thomas and son of this fact is not admitted by them, nor is it proved. Levin admits his knowledge of it. But if they had all known it, it could not, we think, alter the case. The consideration given by Levin Shreves for the four notes, was fair, and of course valid, as was that given by Thomas and son. Any knowledge which they might possess, of defect in the original transaction, between Olds and Williamson, must have been accompanied with the knowledge that Olds had the power, knowing of that defect, to waive it, and that any act of his, predicated upon that waiver, would be valid to the extent of its binding effect.
If notes on an illegal consideration pass into the hands of an innocent assignee, who on repealed promises of payment, repeatedly indulges the obligor, and ultimately surrenders them to the obligor and takes a new more payable to his own creditors, the obligor waives the original want of consideration and shall pay the debt.
Pope for appellant.
The decree of the court below must be reversed, the cause remanded, the injunction dissolved with damages, and the bill dismissed with costs.